IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Jimmy Duncan,<br><br>       Plaintiff,<br><br>  v.<br><br>Sgt. N. Gordon; Nurse Jane Doe, a/k/a Ms. Slade; Nurse Jane Doe, a/k/a Ms. Robinson; Officer Anderson; Officer Dubose; Officer Brunson; and Sgt. Roberts, a/k/a Sgt. Robertson,<br><br>       Defendants. | Civil Action No.8:06-396-MBS-BHH<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

  The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the Court on the defendants' motion for summary judgment.

  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

  The plaintiff filed this action on February 22, 2006, seeking damages for alleged civil rights violations. The plaintiff filed an amended complaint on May 2, 2006.[1] On June 21, 2006, the defendants moved for summary judgment. By order filed June 22, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The plaintiff filed a response on December 11, 2006.

---

[1] On May 2, 2006, the plaintiff filed an unsigned amended complaint. (Docket Entry # 15.) However, on May 22, 2006, the defendants answered the unsigned complaint (Docket Entry # 19) and the plaintiff eventually filed a signed amended complaint on August 21, 2006. (Docket Entry # 48.)

**FACTS PRESENTED**

The plaintiff is an inmate within the South Carolina Department of Corrections ("SCDC") housed at the Lieber Correctional Institution ("LCI"). He was previously housed at the Lee Correctional Institution where he alleges the following took place. The plaintiff alleges that on September 17, 2005, at approximately 7:30 p.m., the defendant Gordon sexually propositioned him in his cell. (Am. Compl. ¶ 4.) The plaintiff alleges that after he refused Gordon's advances, Gordon made racial comments and sprayed him with chemical munitions. (Am. Compl. ¶ 5.) He states he was allowed to shower at 9:30 p.m., but he did not receive any medical treatment. (Am. Compl. ¶¶ 7; 10.)

While he was showering, he alleges Gordon again propositioned him and once again he refused. (Am. Compl. ¶ 11.) He alleges Gordon then made racial comments towards him and attempted to spray him again with chemical munitions. (Am. Compl. ¶¶ 13-14.) However, he fled before Gordon could spray him. (Am. Compl. ¶ 15.) He alleges he was eventually cornered by the defendants Gordon, Dubose, Brunson, Anderson, and Robertson and that Gordon attempted to hit him with his gas canister but missed. (Am. Compl. ¶ 16.) He alleges Gordon then sprayed chemical munitions in his face and charged at him. (*Id*.) The plaintiff states he kicked Gordon in self-defense. (*Id*.) The plaintiff alleges he was tackled and assaulted and then placed in shackles and taken to a holding cell. (Am. Compl. ¶ 17.) He alleges he was in extreme pain and was not examined by defendant Robinson until 4:30 a.m. the next morning. (Am. Compl. ¶ 18.) He also alleges he was not allowed to take a shower after the second time he was sprayed with chemical munitions. (Am. Compl. ¶¶ 18-19.)

The plaintiff alleges he suffers from "breathing complications, chest pains, mental distress of depression, and constant aggravation (sic) of being denied proper medical

attention." (Am. Compl. ¶¶ 20.)  He is seeking a total of $500,000 in compensatory and punitive damages.  (Am. Compl. ¶ 21.)

## APPLICABLE LAW

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law.  As to the first of these determinations, a fact is deemed "material" if proof of it existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant.  *Id.* at 257.  In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party.  *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings.  Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue.  *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient

to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## DISCUSSION

The plaintiff alleges claims of excessive force and medical indifference. (Compl. ¶¶ 22-24.)

### EXCESSIVE FORCE

The plaintiff alleges the defendants used excessive force when the defendants sprayed the plaintiff with chemical munitions. The Eighth Amendment protects individuals against excessive prison sentences, as well as inhumane treatment and excessive force while imprisoned. When reviewing allegations of excessive force, the Court must consider 1) the need for the application of force, 2) the relationship between the need and the amount of force that was used, 3) the threat to the staff and inmates as reasonably perceived by the prison officials on the basis of the facts known to them, 4) the efforts made to temper the severity of a forceful response, and 5) the extent of the injuries suffered by the prisoner. *Whitley v. Albers*, 475 U.S. 312, 321 (1986).

Although there is no requirement that an inmate suffer "serious" or "significant" pain or injury to demonstrate that a malicious or sadistic use of force was employed, he must allege "more than a de minimis pain or injury." *Norman v. Taylor*, 25 F.3d 1259, 1263 n. 4 (4th Cir.1994). "[A]bsent the most extraordinary circumstances, a plaintiff cannot prevail on an Eighth Amendment excessive force claim if his injury is de minimis." *Taylor v. McDuffie*, 155 F.3d 479, 483 (4th Cir.1998). However, a de minimis physical injury may amount to an

Eighth Amendment violation if the force used was of the sort "repugnant to the conscience of mankind." In *Norman*, the Fourth Circuit stated:

> We recognize that there may be highly unusual circumstances in which a particular application of force will cause relatively little, or perhaps no, enduring injury, but nonetheless will result in an impermissible infliction of pain. In these circumstances, we believe that either the force used will be "of a sort 'repugnant to the conscience of mankind,'" and thus expressly outside the de minimis force exception, or the pain itself will be such that it can properly be said to constitute more than de minimis injury.

25 F.3d at 1263, n. 4 (citations omitted). The fact that chemical munitions were used in this incident also does not mandate that the plaintiff's claim go forward, as the use of mace, tear gas or pepper spray by prison officials is not a per se violation of a prisoner's constitutional rights when used appropriately. *Williams v. Benjamin*, 77 F.3d 756, 763 (4th Cir.1996).

The plaintiff alleges Gordon sprayed him twice with chemical munitions resulting in "breathing complications, chest pains, [and] mental distress of depression." However, the record does not support any significant injury as a result of these incidents. In fact, on March 3, 2006, during a physical examination Dr. Miroslav Cuturic, a physician with University Specialty, specifically noted that the plaintiff "denies any headache, fever, chills, nausea, vomiting, diarrhea, shortness of breath, chest pain, or palpitations." (Defs.' Mem. Supp. Summ. J. Ex. 1.)

The undersigned concludes that the plaintiff's injuries are de minimis and do not amount to a constitutional violation. *See, e.g., Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir.1999) (holding that an inmate failed to state a claim under the Eighth Amendment, since his complaints of breathing problems, chest pains, dizziness, sinus problems, headaches, and fatigue were "objectively speaking, relatively minor"). The plaintiff has also

5

failed to show that his breathing complications, chest pains, and mental depression were attributable to the macing incidents. [2]

Furthermore, the plaintiff has failed to allege any facts which establish those extraordinary circumstances on which a plaintiff can prevail on an excessive force claim when he suffers only de minimis injury. *Taylor*, 155 F.3d at 483. "[N]ot . . . every malevolent touch by a prison guard gives rise to a federal cause of action." *Riley v. Dorton*, 115 F.3d 1159, 1167 (4th Cir.1997). And, merely a lack of due care for the prisoner's interests and safety fails to show the use of force which is "repugnant to the conscience of mankind." *See Whitley v. Albers*, 475 U.S. 312, 319 (1986)(finding that the infliction of pain in the course of a prison security measure, does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied for security purposes was unreasonable, and hence unnecessary in the strict sense). As the application of force which results in injuries found to be de minimis does not constitute excessive force under the Fourteenth Amendment. *Riley v. Dorton*, 115 F.3d 1159, 1167-68 (4th Cir. 1997), the undersigned concludes the plaintiff has failed to state an excessive force claim.

## MEDICAL INDIFFERENCE CLAIM

The plaintiff also alleges that he was denied medical attention and treatment for his injuries after the macing incidents. The government is "obligat[ed] to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). This obligation arises from an inmate's complete dependence upon prison medical staff to provide essential medical service. *Id*. The duty to attend to prisoners' medical needs, however, does not presuppose "that every claim by a prisoner that he has not received

---

[2]The plaintiff acknowledges he suffers from asthma (Compl. ¶ 8.)

adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105. Instead, it is only when prison officials have exhibited "deliberate indifference" to a prisoner's "serious medical needs" that the Eighth Amendment is offended. *Id*. at 104. "Deliberate indifference is a very high standard-in the case of *Miltier v. Beorn*, 896 F.2d 848 (4th Cir. 1990). In that case, the court noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness . . . nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." *Militier*, 896 F.2d at 851. To demonstrate deliberate indifference, an inmate must show that the officials he is suing "knew of and disregarded an excessive risk to [the] inmate['s] health." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Unless medical needs were serious or life threatening, and the defendant was deliberately and intentionally indifferent to those needs of which he was aware at the time, the plaintiff may not prevail. *Estelle*, 429 U.S. 97; *Farmer*, 511 U.S. 825; *Sosebee v. Murphy*, 797 F.2d 179 (4th Cir.1986). Furthermore, the type and amount of medical care is discretionary. *See Brown v. Thompson*, 868 F.Supp. 326 (S.D.Ga.1994). The mere fact that a prisoner may believe he had a more serious injury or that he required better treatment does not establish a constitutional violation. *See, e.g., Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir.1975).

After the first spraying with mace at 7:40 p.m., the plaintiff was allowed to shower at approximately 10:45 p.m. While plaintiff was in the shower, he was maced a second time. The medical record shows the plaintiff was examined by medical personnel after the second macing incident at 4:15 a.m. and again at 8:13 a.m. At 4:15 a.m., the plaintiff was coughing but no shortness of breath or wheezing was noted. (Defs.' Mem. Supp. Summ. J. Ex. 1.) Medical personnel authorized the staff to allow the plaintiff to shower. (*Id.*) At the 8:13 a.m., although there was some draining, the plaintiff was noted to not be in any distress and medical personnel again authorized staff to allow the plaintiff to shower. (*Id.*) Although the

plaintiff alleges the medical personnel failed to properly examine him, he does not allege they were indifferent to any serious medical need or injury. He merely alleges they should have "check[ed] his eyes and vital signs." (Am. Compl. ¶ 7.) The plaintiff does not allege medical personnel knew and disregarded a serious condition. Clearly, this does not support a claim of medical indifference.

Furthermore, as discussed above, there is no evidence in the record that the plaintiff actually suffered any serious injury as a result of medical personnel's failure to check his eyes and vital signs. The plaintiff alleges he has suffered breathing complications, chest pain, and mental depression from being sprayed with chemical munitions. (Compl. ¶ 20.) A claim of deliberate indifference to serious medical needs requires a greater showing than made here, even assuming that the plaintiff's medical needs were serious and that a finding of negligence on the part of one or more of the defendants could be supported by the evidence. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Estelle*, 429 U.S. at 106. The plaintiff has not shown that he had any serious medical need to which the defendants responded with deliberate indifference and there are no records which show a serious injury to the plaintiff. *See White v. Boyle*, 538 F.2d 1077 (4th Cir.1976)(conclusory allegations insufficient to survive summary judgment). Accordingly, the defendants should be granted summary judgment on the plaintiff's claim for deliberate indifference to his medical needs.

**State Law Claims**

To the extent that the plaintiff's complaint alleges additional claims under state law, (Compl. ¶ 22), the court should decline to exercise supplemental jurisdiction over the claims as it is recommended that summary judgment be granted on the plaintiff's federal claims as set forth above. *See* 28 U.S.C. § 1367(c).

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the defendants' Motion for Summary Judgment be GRANTED and the plaintiff's claims be DISMISSED with prejudice.

IT IS SO RECOMMENDED.


                                            s/Bruce H. Hendricks
                                            United States Magistrate Judge

February 15, 2007
Greenville, South Carolina


**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).