# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON DIVISION

| | |
|---|---|
| Jimmy Duncan, | C/A No.: 8:06-cv-396-MBS |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Sgt. N. Gordon; Nurse Jane Doe, a/k/a Slade; Nurse Jane Doe, a/k/a Robinson; Officer Anderson; Officer Dubose; Officer Brunson; Sgt. Roberts, a/k/a Sgt. Robertson, | |
| Defendants. | |

Plaintiff Jimmy Duncan ("Plaintiff") is an inmate in the custody of the South Carolina Department of Corrections ("SCDC"). He is currently confined at the Lieber Correctional Institution. The events underlying his complaint occurred while Plaintiff was confined at the Lee Correctional Institution. Plaintiff, appearing *pro se*, brings this action pursuant to 42 U.S.C. § 1983 against Sergeant N. Gordon, Nurse Slade, Nurse Robinson, Officer Anderson, Officer Dubose, Officer Brunson, and Sergeant Roberts ("Defendants"). Plaintiff asserts that Defendants violated certain of his rights protected by the Eighth Amendment of the United States Constitution. Additionally, Plaintiff claims Defendants violated provisions of the South Carolina Code of Laws as well as internal SCDC guidelines and policies.

This matter is before the court on Defendants' motion for summary judgment filed on June 21, 2006. By order issued June 22, 2006, in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedure and of the possible

consequences if he failed to respond adequately. Plaintiff filed a response opposing Defendants' summary judgment motion on June 30, 2006, to which Defendants replied on July 13, 2006.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02, this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pretrial handling. The Magistrate Judge filed a Report and Recommendation on February 15, 2007 recommending that the Defendants' motion for summary judgment be granted. On March 12, 2007, the Plaintiff filed an objection to the Magistrate Judge's Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with conducting a *de novo* review of every portion of the Report and Recommendation to which specific objections have been made. The court may accept, reject, or modify, in whole or in part, the findings or recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b).

**I.     Facts.**

Plaintiff alleges that, on September 17, 2005, he was sexually propositioned by Sergeant Gordon. (Am. Compl. ¶¶ 5, 13-14.) Plaintiff also alleges that Sergeant Gordon, without cause, sprayed Plaintiff with tear gas on two occasions and that Sergeant Gordon, who is white, directed a series of racial slurs towards Plaintiff, who is black. (*Id.* at ¶¶ 5, 16.) Plaintiff alleges that Defendant Gordon first assaulted him with tear gas in his cell. (*Id.* at ¶ 5.) Plaintiff alleges that Defendant Gordon attempted to again assault Plaintiff with tear gas while Plaintiff was in a shower and wiping off the chemicals from the first spray. (*Id.* at ¶ 14.) Plaintiff alleges that he fled from

the shower to avoid the tear gas but alleges that Defendant Gordon again assaulted Plaintiff with tear gas. (*Id.* at ¶ 16.) After or during Plaintiff's second exposure to tear gas, Plaintiff contends that Defendant officers "cornered" him and "assaulted" him. (*Id.* at ¶¶ 15, 17.) At this time, Plaintiff kicked Sergeant Gordon "in self-defense." (*Id.* at ¶ 16.) Plaintiff alleges "breathing complications, chest pains, mental distress of depression, and constant aggrevation [sic] of being denied medical attention" as a result of the incidents. (*Id.* at ¶ 20.)

All the Defendant officers dispute Plaintiff's allegations of unlawful use of force. (*See, e.g.*, Mot. for Summary J., Ex. 2.) Defendants Gordon and Brunson allege that the first use of tear gas was justified because Plaintiff refused to cooperate during a contraband check. (Mot. for Summary J., Ex. 5.) The officers assert that Plaintiff's resistance to the contraband check included his throwing of a yellow liquid onto them. (*Id.*) Defendant Anderson alleges that, while Plaintiff was in the shower, he and Defendant Gordon returned to search Plaintiff's cell and discovered "a sharpened metal object approximately seven and one-half inches long" in the cell. (Mot. for Summary J., Ex. 4.) Defendant Gordon further disputes Plaintiff's allegations of sexual advances and use of inappropriate racial remarks. (Mot. for Summary J., Ex. 5.)

Plaintiff further alleges that Defendant nurses failed to provide adequate treatment following Plaintiff's exposure to tear gas. (Am. Compl. at ¶¶ 8, 17.) Plaintiff admits that Defendant Slade authorized Plaintiff to take a shower approximately two hours after Plaintiff's first exposure. (*Id.* at ¶ 8.) However, Plaintiff alleges that Defendant Robinson did not authorize another shower after the second exposure, which prevented Plaintiff from washing off the chemical spray. (*Id.* at ¶ 19.)

Defendant nurses dispute Plaintiff's allegation of deliberate medical indifference. (*See* Mot. for Summary J., Ex. 8.) Defendant Robinson's notes for September 18, 2005 at 8:13 p.m. indicate

3

that, after the first incident, she was "called to assess I/M related to chemical munitions. Skin in tact [sic] dry, no redness or irritation noted, +eye drng, informed staff to allow I/M to shower .47.0gms used, no noted acute distress." (Mot. for Summary J., Ex. 6.) Defendant Slade's notes for September 19, 2005 at 4:15 a.m. indicate that, after the second incident, she was "called to see I/M due to use chemical munitions. + coughing, no s.o.b [shortness of breath], or wheezing noted. Skin intact, redness noted on chest area. No drainage for eyes noted. C/O [complained of] being hot. Authorized staff to allow a shower for i/m. .27. 0grams [sic] used of Top Cop." (*Id.*)

The Magistrate Judge recommended summary judgment for all Defendants after finding that Plaintiff's excessive force claim failed to allege more than a *de minimis* pain or injury and that Plaintiff's medical indifference claim failed to demonstrate that Plaintiff showed a serious medical need to which Defendants responded with deliberate indifference. The Magistrate Judge recommended denial of Plaintiff's federal claims and further recommended that, to the extent Plaintiff's Complaint alleges additional claims under state law, the court should decline to exercise supplemental jurisdiction over them.

**II.   Discussion.**

Plaintiff objects to the Magistrate Judge's finding that Plaintiff's alleged injuries were *de minimis,* thereby rendering his excessive use of force claim not cognizable. The court disagrees.

A viable Eighth Amendment claim of excessive use of force must contain both an "objective" and "subjective" component. *See Hudson v. McMillian*, 503 U.S. 1, 7 (1992). To satisfy the "objective" component, a Plaintiff must show a sufficiently serious injury as a result of the force used by Defendants. *Norman v. Taylor*, 25 F.3d 1259, 1263 (4th Cir. 1994). "[A]bsent the most extraordinary circumstances, a plaintiff cannot prevail on an Eighth Amendment excessive force claim if his injury is *de minimis*." *Id.* For example, the Fourth Circuit has held that a Plaintiff who

had suffered slight swelling in the jaw area, abrasions about the wrists and ankles, and tenderness over some ribs following an alleged assault by a Defendant officer did not have a cognizable Eighth Amendment claim because he suffered only *de minimis* injuries. *See Taylor v. McDuffie*, 155 F.3d 479, 484-86 (4th Cir. 1998). Similarly, here, Plaintiff's "breathing complications, chest pains, mental distress of depression, and constant aggrevation [sic]" are not the type of objectively serious health problems to support an Eighth Amendment claim against a correctional officer. Moreover, like the Plaintiff in *Taylor*, Plaintiff's medical records belie his claims regarding the severity of the breathing complications, chest pains, depression, and aggravation he purports to have experienced. *See Taylor*, 155 F.3d at 479 (noting that "Taylor's medical records do not support the injuries he purports to have received"). Thus, the court finds no genuine issue of material fact that Plaintiff's injuries are *de minimis*, and, as such, adopts the Magistrate Judge's recommendation that Defendant officers be granted summary judgment on Plaintiff's excessive force claim.

Plaintiff also objects to the Magistrate Judge's determination that he was not denied medical attention and treatment for the allegedly serious injuries he sustained. With respect to medical care, a prisoner in a § 1983 case "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, "the treatment, or lack thereof, must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990).

Even if the court were to assume Plaintiff's injuries were serious, Plaintiff's medical indifference claim against Defendant nurses would fail. There is no showing of deliberate indifference by medical personnel that would "shock the conscience." *Miltier*, 896 F.2d at 851.

5

Plaintiff concedes that he was permitted to take a shower following the first tear gas incident, after he was examined by Defendant Robinson. Medical notes further indicate that Defendant Slade authorized a shower for Plaintiff, after the second incident. There is no evidence that Defendant nurses withheld any medical treatment in an effort to deliberately or recklessly ignore an excessive risk to Plaintiff's health. *See Turner v. Kight*, 121 Fed. App'x 9, 14 (4th Cir. 2005). At best, the failure of Defendant nurses to authorize another shower could be construed as negligence, but such a claim is insufficient to establish liability under § 1983. *See Young v. City of Mount Ranier*, 238 F.3d 567 (4th Cir. 2001). The court concludes that there is no genuine issue of material fact as to whether Plaintiff was subjected to deliberate indifference of medical care by Defendant nurses.

### III.     Conclusion.

Defendants' motion for summary judgment is granted for the reasons stated herein and in the Magistrate Judge's Report and Recommendation. To the extent that Plaintiff alleges state law claims, the court declines to exercise supplemental jurisdiction over them. Accordingly, Plaintiff's state law claims are dismissed without prejudice.

**IT IS SO ORDERED.**

s/ Margaret B. Seymour
Margaret B. Seymour
United States District Court

Columbia, South Carolina

March 29, 2007